UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TIFFANY S. MOORE,**<br><br>Petitioner,<br><br>v.<br><br>**SARAH DAVIS, et al.,**<br><br>Respondents. | Civil Action No. 20-12649 (SDW)<br><br>**MEMORANDUM OPINION** |

**IT APPEARING THAT:**

1. On September 8, 2020, Petitioner Tiffany S. Moore filed her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). She thereafter filed an amended petition on October 20, 2020. (ECF No. 3). In her amended petition, Petitioner raises three claims – that her arrest was unlawful and pretextual, that plea counsel was ineffective in failing to move to dismiss her indictment on that basis, and that her restitution order was improper. (*Id.*).

2. Following an order to answer, Respondents filed a response to Petitioner's habeas petition. (ECF No. 8). In that response, Respondents argue that Petitioner failed to fully exhaust any of her claims, and that her petition should be dismissed as such. (*Id.*).

3. On June 2, 2021, Petitioner filed her traverse. (ECF No. 9). In that document, she presents several arguments as to the merits of her claims, seeks to raise an entirely new claim of ineffective assistance of counsel, and "disagrees" with Respondents as to the exhaustion status of her petition but presents no actual argument as to the exhaustion issue. (*Id.*).

4. A habeas petition challenging a state court conviction pursuant to 28 U.S.C. § 2254 "cannot proceed unless all meritorious claims have been exhausted in state court." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014); *see also Henderson v. Frank*, 155 F.3d 159, 164

(3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). A claim is not "fairly presented" sufficient to satisfy the exhaustion requirement where some available process remains and the claim was only presented to the state appellate courts "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). As the exhaustion rule requires a habeas petitioner to afford the state courts the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief, a habeas petition challenging a New Jersey judgment of conviction must fairly present each alleged federal ground for relief raised in his habeas petition to all three levels of the New Jersey state courts – the Law Division, Appellate Division, and New Jersey Supreme Court. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982); *Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015).

5. By way of background, Petitioner was indicted on charges including murder, unlawful possession of a weapon, and possession of a weapon for an unlawful purpose in March 2012.

(Document 2 attached to ECF No. 8 at 18-19).  In August 2015, she pled guilty to the lesser offense of aggravated manslaughter in exchange for a recommended sentence of twenty-two years imprisonment.  (*Id.* at 20-25).  In November 2015, she was sentenced to twenty-two years imprisonment.  (*Id.* at 26).  She did not initially file an appeal.

      6. Instead, in November 2017, Petitioner filed a petition for post-conviction relief (PCR) which contained both of the non-restitution claims raised in her amended petition.  (Document 1 attached to ECF No. 8 at 1-6).  Petitioner was appointed counsel, and counsel filed a brief on Petitioner's behalf raising additional claims, including a claim which asserted that Petitioner's trial counsel had proven ineffective in failing to file a direct appeal on her behalf when Petitioner so requested.  (Document 2 attached to ECF No. 8 at 2-16).  Appointed counsel also filed a motion to vacate the restitution order.  (Document 3 attached to ECF No. 8 at 1-6).  On December 7, 2018, following an agreement between Petitioner and the State, the PCR judge entered a stipulated order granting Petitioner relief on her claim that counsel failed to file an appeal on her behalf and granted Petitioner a *nunc pro tunc* direct appeal.  (Document No. 4 attached to ECF No. 8).  Because she was granted a new direct appeal, Petitioner's remaining claims for relief, including those raised here were not addressed.  (*Id.*).  In her newly granted direct appeal, Petitioner raised only one claim – a challenge to the excessiveness of her sentence.  (*See* Document No. 7 attached to ECF No. 8). The Appellate Division affirmed her sentence in June 2019.  (*Id.*).  Petitioner filed a petition for certification again raising only an excessive sentence claim, and that petition was denied in October 2019.  (*See* Documents 8-10 attached to ECF No. 8).  Petitioner does not appear to have filed a second post-conviction relief petition, and instead filed a habeas petition in this Court.

      7. Based on the procedural history recounted above, it is clear that Petitioner has not fully exhausted the claims she has raised before this Court.  Although she raised her challenge to her

arrest and claim of ineffective assistance of counsel in her post-conviction relief petition, that claim was never addressed by the merits in light of the stipulated granting of a *nunc pro tunc* appeal. Petitioner could have raised her illegal arrest claim in her appeal, but did not do so, nor did she file a new post-conviction relief petition after her direct appeal raising the claims currently before this Court.  As none of the three levels of the New Jersey Court system has been given a full and fair opportunity to address Petitioner's claims, it is clear that her petition contains only unexhausted claims which were raised only in a form in which the merits could not be addressed – i.e., in her first PCR proceeding which concluded when she was granted a *nunc pro tunc* appeal.  Petitioner's claims are thus clearly unexhausted as the trial level PCR court was not given a full opportunity to address them and the claims were never raised to the New Jersey appellate courts.  *See Castille*, 489 U.S. at 351; *Ragland*, 2015 WL 1035428 at *1-3; *see also Castille*, 489 U.S. at 351.  As Petitioner's amended petition contains only unexhausted claims, and Petitioner has neither sought nor shown her entitlement to a stay of this matter, this Court must dismiss her petition without prejudice.  *See, e.g., Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)).

8. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason could not disagree with this Court's conclusion that Petitioner's petition is unexhausted and must be dismissed without prejudice as such, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner is denied a certificate of appealability.

      9.  In conclusion, Petitioner's amended petition for a writ of habeas corpus (ECF No. 3) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion, and Petitioner is **DENIED** a certificate of appealability.  An appropriate order follows.


Dated: September 15, 2021                      *s/Susan D. Wigenton*
                                                     Hon. Susan D. Wigenton,
                                                     United States District Judge